Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Richard Scott

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD SCOTT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN WAGERING, INC. d/b/a WILLIAM HILL US, a domestic corporation; AND DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | **Case No.:** 2:20-cv-01282<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

　　　COMES NOW, Plaintiff, Richard Scott and files this civil action against Defendants, and each of them, for violations of for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.); and related claims under Nevada law, seeking damages, and alleges as follows:

///
///
///
///
///
///
///
///

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. The jurisdiction of this Court is also invoked under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted administrative remedies.

5. All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. §2000e 5(f)(3), have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Nevada Equal Rights Commission ("NERC") within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

    b. A Notice of Right to Sue in Federal Court was received from the Equal Employment Opportunities Commission ("EEOC"), dated April 27, 2020. A true and correct copy of said letter is attached and incorporated herein as Exhibit 1.

6. Plaintiff initiated this action within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

//

## PARTIES

### PLAINTIFF

1. Plaintiff, RICHARD SCOTT, was a qualified/eligible "employee" of Defendant, AMERICAN WAGERING, INC. d/b/a WILLIAM HILL US (hereinafter "WILLIAM HILL"), within the meaning of 42 U.S.C. §2000e(f) and Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*) (collectively, "Title VII"); and related claims under Nevada law.

### DEFENDANTS

2. Defendant, WILLIAM HILL, is a domestic corporation qualified to do business in Nevada and employs 15 or more employees. WILLIAM HILL was Plaintiff's employer and is an "employer" within the meaning of Title VII, and related claims under Nevada law. WILLIAM HILL has an office located at 6325 S. Rainbow Blvd., Suite 100, Las Vegas, NV 89118.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

### STATEMENT OF FACTS

4. Plaintiff was hired into the England offices of WILLIAM HILL on or about October 23, 2012, as a Senior Linux Systems Administrator. On September 5, 2017, Plaintiff took a transfer to the Las Vegas Office of WILLIAM HILL and continued as a Senior Linux Systems Administrator.

5. Plaintiff is a black male of British national origin and was working in the United States on an Immigration Visa.

6. In December of 2017, Plaintiff was assigned a non-black/Arab supervisor named Ali Qutob (hereinafter "Manager").

7. Plaintiff was the only black and British employee in the Las Vegas office.

8. Plaintiff performed his duties as a Senior Linux Systems Administrator satisfactorily.

9. Plaintiff's Manager routinely talked down to Plaintiff and treated him differently than other non-black and non-British employees. Plaintiff's Manager constantly made derogatory jokes about black people in front of Plaintiff and in front of the other office staff. Plaintiff's Manager also made derogatory comments about British people.

10. Plaintiff's Manager routinely changed the terms and conditions of Plaintiff's employment by setting impossible goals and/or tasks in an effort to set Plaintiff up to fail. Plaintiff's Manager did not do this with non-black and non-British employees.

11. Plaintiff's Manager denied Plaintiff the necessary tools to perform his job while allowing non-black and non-British employees those necessary tools. Specifically, Plaintiff was denied access to certain computer software, his work station was moved to a secluded location which was segregated from rest of his team members, and he was denied access to training that other non-black and non-British team members were allowed access to.

12. Plaintiff's Manager was more accommodating with non-black and non-British employees and allowed them opportunities to grow in their careers. Meanwhile, despite good performance and excelling in his position, Plaintiff was demoted and his name was removed from projects that he performed work on by his Manager.

13. On numerous occasions, Plaintiff complained to WILLIAM HILL's Human Resources Department by way of its director Debinique Blackburn. Nothing was done to curb his Manager's unlawful and discriminatory behavior.

14. In February of 2019, after reporting his Manager's harassment and discriminatory conduct to HR, Plaintiff's Manager retaliated against Plaintiff by placing him on a Performance Improvement Plan (PIP) for insubordination.

15. Plaintiff's Manager routinely used Plaintiff's immigration status as a weapon against Plaintiff. Plaintiff's Manager would threaten to terminate Plaintiff and note that if Plaintiff did not have a job he would be deported.

//

16. During his employment in Las Vegas, Plaintiff never received a raise or a bonus while other non-black and non-British employees received both. Plaintiff's performance at the job typically met or exceeded that of his coworkers.

17. Plaintiff's Manager made it known to Plaintiff and his colleagues that he did not like black people or British people through his constant ridicule and harassment of Plaintiff. This demeaning and discriminatory treatment caused Plaintiff great humiliation, embarrassment, mental anguish and suffering. Plaintiff's Manager also hindered Plaintiff's career growth and caused irreparable harm to his reputation.

18. On September 13, 2019, Plaintiff was terminated.

19. Plaintiff was terminated because he was black and because he was British. Plaintiff was also terminated in retaliation for complaining to HR about his Manager's discriminatory and despicable conduct.

20. WILLIAM HILL would not have terminated Plaintiff if he was not black and/or of British origin.

## COUNT I
## TITLE VII - DISCRIMINATION
## (RACE AND NATIONAL ORIGIN)
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. § 613.330 *et seq*.**

21. Plaintiff hereby incorporates paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. During the course of Plaintiff's employment, WILLIAM HILL, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

23. WILLIAM HILL's unlawful discrimination against Plaintiff included treating Plaintiff differently based on his race and/or national origin related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

//

24. Specifically, the disparate treatment included WILLIAM HILL promoting and giving raises/bonuses to non-black and non-British employees and discriminating against Plaintiff because of his race and national origin. Additionally, WILLIAM HILL denied Plaintiff access to tools and opportunities that it afforded its non-black and non-British employees.

25. Plaintiff would not have been harassed or terminated had he not been black and British.

26. As a proximate result of WILLIAM HILL's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

27. WILLIAM HILL, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of WILLIAM HILL and their Human Resources Department as described above, thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

28. WILLIAM HILL's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

29. Plaintiff requests relief as described in the Prayer for Relief below.

//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, RICHARD SCOTT, prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages;
3. Reasonable attorneys' fees;
4. Punitive damages;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper

DATED this 9th day of July, 2020.          WATKINS & LETOFSKY, LLP

By: */s/ Daniel R. Watkins*
_____
Daniel R. Watkins
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 9th day of July, 2020.          WATKINS & LETOFSKY, LLP

By: */s/ Daniel R. Watkins*
_____
Daniel R. Watkins
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Attorney for Plaintiff

# Exhibit 1

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST)

To: Richard Scott
7357 Restful Springs Ct.
Las Vegas, NV 89129

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2020-00013 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
District Director

April 27, 2020
(Date Mailed)

Enclosures(s)

cc: Human Resources
Human Resources Director
WILLIAM HILL US
6325 S. Rainbow Blvd. Suite 100
Las Vegas, NV 89118